UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

## DECLARATION

I, Tony J. Bell, pursuant to 28 U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, state that the following is true and correct to the best of my knowledge and belief:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to HSI Resident Agent in Charge (RAC) Raleigh, North Carolina field office. I have been employed as a Special Agent for over 20 years in Federal Law Enforcement. My duties include investigating violations of Titles 8, 18, 19, 21, and 22 of the United States Code (USC), to include violations of narcotics smuggling, narcotics trafficking, and money laundering activities associated with illegal activities. I have participated in numerous narcotics investigations and illegal smuggling operations, during the course of which I have interviewed suspects and witnesses, conducted physical surveillance, executed court-authorized search and arrest warrants, including search warrants for electronic devices and accounts, and used other investigative techniques to secure relevant information regarding various crimes. As a result of my training and experience, I am familiar with techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

GOVERNMENT EXHIBIT A

2. The facts and circumstances set forth in this Declaration are based on information provided by other law enforcement officers and my own personal knowledge and experience. This Declaration does not include all the facts and information obtained by law enforcement during the investigation.

3. Set forth below are the reasons why the property known as $24,407.00 in U.S. currency was seized from Donnie Ray Sharpe (SHARPE) and is subject to forfeiture to the United States pursuant to Title 21, United Stated Code, Section 881.

4. This forfeiture action arises from criminal investigations of SHARPE's illegal trafficking in narcotics and/or money laundering activities in Pitt County and elsewhere in North Carolina.

5. On August 11, 2020, at approximately 11:05 p.m., Pitt County Sheriff's Office (PCSO) Deputy A. Gomez and K9 Deputy Brinson observed a Chevrolet Suburban traveling on Hwy 43 and it appeared that the vehicle did not have a license plate. As deputies got closer they noted that the Suburban did have a license plate however it was not illuminated as required by law. As Deputy Gomez made contact with the driver, SHARPE, he noted the smell of marijuana and observed cigar fillings on SHARPE's shirt. Deputy Gomez if there was any "weed" in the vehicle and SHARPE admitted, "I did smoke a blunt earlier." Deputy Gomez asked him to remain in the vehicle. Deputy Gomez walked back to speak with K9 Deputy Brinson and inform him of what he noticed.

6. Deputy Gomez ran SHARPE's information on his computer while Deputy Brinson made contact with SHARPE. Deputies asked for consent to search the vehicle. SHARPE became annoyed and said, "Send the dog, I ain't got nothing."

7. Deputy Brinson and K9 "Rocky" conducted a walk around of the vehicle. K9 Rocky entered the vehicle driver side, a few seconds later. Deputy Brinson notified SHARPE that the dog alerted on the center console of the vehicle. SHARPE got quiet, Deputy Brinson began to search the vehicle as Deputy Gomez stayed with SHARPE in front of his patrol vehicle. SHARPE became fixated on Deputy Brinson. Deputy Gomez attempted to make conversation with SHARPE. He ignored Deputy Gomez and continued to focus on Deputy Brinson. Deputy Gomez asked SHARPE why he was out at this time and he said, "going to work." Deputy Gomez asked him where he worked and SHARPE replied that he worked in Washington but would not elaborate further nor would he take his eyes off Deputy Brinson or the vehicle.

8. Officers conducted a probable cause search and located a stolen Ruger LPC .380 pistol, s/n# 371329285, a small bag of marijuana, and a backpack filled with approximately $24,000 in U.S. currency. Upon arrest officers located another bag of marijuana and cash on SHARPE. The marijuana was later determined to weigh 5.2 grams.

9. HSI Raleigh was notified, and I authorized the seizure and directed PCSO to convert the currency to a check.

10. SHARPE was transported to the Pitt County Detention Center. Sgt. Whaley, Deputy Brinson, and Deputy Gomez escorted SHARPE to one of the interviewing rooms and emptied the bag containing the unknown amount of cash on to the table. Sgt. Whaley explained to SHARPE that we would count the money in his presence. A total of $24,407.00 was counted and witnessed by Sgt. Whaley,

Deputy Brinson, Deputy Gomez and SHARPE. Sgt. Whaley and Deputy Brinson exited the room while Deputy Gomez filled out the property sheet. SHARPE made the spontaneous utterance "24 thousand, how am I going to cover that, how am I going to explain this." Deputy Gomez continued to fill out the property sheet and had SHARPE sign it.

11. SHARPE initially claimed that the money was his but then told deputies that the money belonged to his boss, who owned a sweepstakes business in Edgecombe. SHARPE stated that the business had been shut down and that he was transporting the money to another sweepstakes business in Washington. Deputies questioned SHARPE why he was transporting at such at late hour (11 pm) and asked SHARPE to identify his boss. SHARPE declined to answer.

12. PCSO Lt. Lanier called the Edgecombe County Sheriff's Office and asked if they could verify a sweepstakes shutting down. The on-duty patrol supervisor was unaware of any such business being shut down. Deputies advised SHARPE to have his boss contact PCSO and confirm the legitimacy of the money.

13. SHARPE was charged with Possession of Stolen Firearm and misdemeanor Possession of Marijuana. SHARPE was jailed at Pitt County detention center. All evidence was seized by Pitt County Sheriff`s Office.

14. On August 19, 2020, the HSI TFO converted the currency ($24,407) to a cashier's check and delivered it to the HSI office in Cary, NC.

15. On November 10, 2020, HSI Special Agent William McLane called PCSO Sgt. Velazquez and asked him if he had identified the sweepstakes owner or had afforded SHARPE the opportunity to sign an abandonment form relinquishing

the currency to HSI. Sgt. Velasquez stated that he contacted SHARPE the day after the arrest and tried to obtain the identity of the shop owner. SHARPE declined to answer and refused to sign any documents. SHARPE referred Sgt. Velasquez to speak with his attorney (unidentified).

16. In or about November 2021, investigators conducted a business search and found that SHARPE registered a limited liability company in May 2020 with the North Carolina Secretary of State. The name of the business was D Sharpe Enterprise LLC. SHARPE was listed as the president of the company and no other company officials were declared. The filing did not include information regarding the purpose of the entity.

17. Investigators conducted a query of the North Carolina Department of Employment Security for the previous five years. The only wage history shown was employment with Signature Seasonings LLC from the third quarter of 2017 until the second quarter of 2018. The total wages for the time period was a total of $15,311.06. No employment records were located for 2019 and 2020.

18. Investigators conducted open-source internet searches for SHARPE and Sharpe Enterprise LLC, and located a Facebook social media page returning to "Donnie Sharpe" with a subtitle of "Get Money." The profile picture matched that of SHARPE. The page lists his employment as "self-employed." A story was posted on September 10, 2021, which read, "Niggas be screaming they the plug the whole time they ain't even the middle man." In my experience as a drug investigator, I know the term "plug" as a reference to a person who the source or supply of narcotics. There were no other references to drugs.

19. During this investigation, HSI Group Supervisor (GS) J. Blankley spoke with SHARPE personally (via phone) several times and SHARPE indicated that he wanted nothing to do with the money but refused to meet and sign an abandonment form. GS Blankley attempted to call him again to follow-up, but SHARPE quit answering his phone.

## CONCLUSION

20. SHARPE has since provided nothing demonstrating he had any legitimate sources of income, nor would he provide the information related to his alleged "boss." Based on the foregoing, probable cause exists to believe that the aforementioned $24,407.00 in U.S. currency was furnished or intended to be furnished in exchange for controlled substances. represent proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

21. The foregoing facts are therefore sufficient to support a reasonable belief that the $24,407,054.00 in U.S. currency is forfeitable to the United States pursuant to Title 21, U.S.C. § 881.

This \_\_\_10th\_\_\_\_ day of January, 2024.

_____
Tony J. Bell
Special Agent
Homeland Security Investigations